Steven M. Olson, Esq. (SB No. 146120)
Jacob M. Faircloth, Esq. (SB No. 305390)
LAW OFFICE OF STEVEN M. OLSON
100 E Street, Suite 104
Santa Rosa, CA 95404
Telephone: (707) 575-1800
Facsimile: (707) 575-1867
Email: smo@smolsonlaw.com

Attorney for Timothy W. Hoffman, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>PAUL GRIPPALDI and SHARON ROSE COLEMAN-GRIPPALDI,<br><br>    Debtors.<br>_____/ | Case No. 17-30382-DM<br>(Chapter 7) |

**EX PARTE APPLICATION TO EMPLOY GENERAL COUNSEL**
**(Law Office of Steven M. Olson)**,
<u>**AND DECLARATION IN SUPPORT THEREOF**</u>

Timothy W. Hoffman, Chapter 7 trustee (the "Trustee") for the estate Paul Grippaldi and Sharon Rose Coleman-Grippaldi (the "Debtors"), shows as follows:

    1.    The Debtors filed a Voluntary Petition for relief under Chapter 13 on April 30, 2017.  The case was voluntarily converted on August 19, 2019, to Chapter 7. The Trustee has been appointed Chapter 7 trustee for Debtors' estate.

    2.    The Trustee desires to retain the Law Office of Steven M. Olson as his general counsel ("Counsel"), pursuant to 11 U.S.C. § 327.

    3.    The Trustee requests the employment of Counsel as his attorney because of its extensive experience and knowledge in the field of business transactions, business litigation, business reorganization, secured transactions and insolvency. Accordingly, the Trustee believes that Counsel is well-qualified to represent him in this Chapter 7 case.

    4.    General Counsel has indicated a willingness to represent the Trustee and to be compensated based on time and standard billable charges, subject to bankruptcy-

**EX-PARTE APPLICATION TO EMPLOY COUNSEL**
**(Law Office of Steven M. Olson) AND DECLARATION IN SUPPORT THEREOF - Page 1**

court approval.

5. As is set forth in the Declaration of Jacob M. Faircloth below, Counsel has no known connections with the Debtors, the Debtors' creditors, the United States Trustee, any person employed in the office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants. The Trustee believes Counsel is disinterested and neither holds nor represents any interest adverse to the estate.

WHEREFORE, the Trustee prays for an order:

1. Authorizing the Employment of the Law Office of Steven M. Olson as his Counsel; and

2. Granting the Applicant such other and further relief, at law or in equity, to which he may be justly entitled.

DATED: September 17, 2019

By: _____
*/S/ Timothy W. Hoffman*
Timothy W. Hoffman, Trustee

### DECLARATION OF JACOB M. FAIRCLOTH

I, Jacob M. Faircloth, declare:

1. I am over eighteen (18) years old, have personal knowledge of, and am competent to testify as to the matters set forth hereinbelow.

2. I am an associate attorney with the Law Office of Steven M. Olson ("Counsel"). Our firm carries errors and omissions insurance with liability limits of $500,000 per claim.

3. I have reviewed the Debtors' petition and schedules. Neither I, nor anyone in my office (including Mr. Olson), have any known connections with the Debtors, the Debtors' creditors, the United States Trustee, any person employed in the office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants. I believe my firm is disinterested, and neither holds nor represents, any interest adverse to the estate.

**EX-PARTE APPLICATION TO EMPLOY COUNSEL
(Law Office of Steven M. Olson) AND DECLARATION IN SUPPORT THEREOF - Page 2**

1    4.   In the event circumstances change, causing my firm to hold or represent an interest adverse to the above-described estate, I will advise the Court promptly and take action consistent with my legal and ethical obligations.

5.   Counsel intends to seek approval of compensation for fees and expenses. Counsel will charge on an hourly-fee basis.   At present, Mr. Olson's hourly rate is $500 per hour.  At present, my hourly rate is $300 per hour.  Our proposed Attorney-Client Fee Contract is attached hereto as Exhibit 1 and, by this reference, is incorporated herein.

6.   My firm has not shared or agreed to share, with any outside entity, any portion of the compensation paid or to be paid in connection with this case.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

DATED: September 17, 2019         LAW OFFICE OF STEVEN M. OLSON

By:  */S/ Jacob M. Faircloth*
　　　　Jacob M. Faircloth

# EXHIBIT 1

# ATTORNEY-CLIENT FEE CONTRACT

This ATTORNEY-CLIENT FEE CONTRACT ("Contract") is entered into by and between TIMOTHY W. HOFFMAN, Chapter 7 Trustee ("Client") for the estate of Paul Grippaldi and Sharon Rose Coleman-Grippaldi (the "Debtor") and LAW OFFICE OF STEVEN M. OLSON ("Attorney").  This Contract is required by Business and Professions Code section 6147 and is intended to fulfill the requirements of that section.

1. **SCOPE & DUTIES**.  Client hires Attorney to provide legal services to Client relating to Client's efforts to administer the Debtor's estate, pursuant to 11 U.S.C. § 327.  Attorney will provide those legal services reasonably required to represent Client, and will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries.

2. **LEGAL FEES**.  Client agrees to pay for legal services at an hourly rate of $500 per hour for Steven M. Olson and $300 per hour for Jacob M. Faircloth, associate attorney.  All compensation to Attorney is subject to issuance of an order from the U.S. Bankruptcy Court with jurisdiction over the Debtor's case allowing and authorizing payment of compensation.

These rates are subject to possible increase due to inflationary economic conditions.  Should there be any proposed change in Attorney's billing rates, Client will be advised immediately.

3. **COSTS & EXPENSES**.  In addition to paying legal fees, but subject to the conditions set forth in the preceding paragraph, Client will reimburse Attorney for all costs and expenses incurred by Attorney, including but not limited to, process servers' fees, fees fixed by law or assessed by courts or other agencies, court reporters' fees, long distance telephone calls, messenger and other delivery fees, postage, in-office photocopying, at $.20 per copy, parking, mileage at the per-mile rate then authorized by the Internal Revenue Service for deductibility of mileage expense, investigation expenses, consultants' fees, expert-witness fees and other similar items, except as set forth hereinbelow.  Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorney's judgment; provided, however, that Attorney will obtain Client's consent before retaining outside investigators, consultants, or expert witnesses.

4. **DISCHARGE & WITHDRAWAL**.  Client may discharge Attorney at any time.  Attorney may withdraw with Client's consent or for good cause.  Good cause includes any fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

5. **NEGOTIABILITY OF FEES**.  The fees set forth above are not set by law, but are negotiated between attorney and client.

6. **CONCLUSION OF SERVICES**.  When Attorney's services conclude, all unpaid charges will become immediately due and payable.   After Attorney's services conclude, Attorney will, upon Client's request, deliver to Client any of Client's funds or property in Attorney's possession.

Case: 17-30382    Doc# 74    Filed: 09/17/19    Entered: 09/17/19 10:12:33    Page 5 of 6

7. **DISCLAIMER OF GUARANTEE**. Nothing in this Contract and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of Client's matter are expressions of opinion only.

8. **EFFECTIVE DATE**. This Contract may be executed in counterparts. The parties may deliver their signatures via personal delivery, mail, facsimile or scan-and-email. When this Contract is executed, its effective date will be retroactive to the date Attorney first provided services; provided, however, that the effect of this Contract is also conditioned upon the entry of an order of the U.S. Bankruptcy Court having jurisdiction over the Debtor's case authorizing Client to employ Attorney.

9. **ENTIRE AGREEMENT**. This Agreement contains the entire Agreement of the parties. no other agreement, statement, or promise made on or before the effective date of this Agreement will be binding of the parties.

10. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

11. **MODIFICATION BY SUBSEQUENT AGREEMENT**. This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**"Attorney"**

LAW OFFICE OF STEVEN M. OLSON

DATED:_____    By:_____
                                                 Jacob M. Faircloth

**"Client"**

DATED:_____    By:_____
                                                 Timothy W. Hoffman
                                                 Chapter 7 Trustee for the Estate of Paul Grippaldi and Sharon Rose Coleman-Grippaldi